IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLEN POSEY                                                    PLAINTIFF

vs.                           Civil No. 2:14-cv-02165

CAROLYN COLVIN                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Glen Posey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF No. 9.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff's applications for DIB and SSI were filed on November 14, 2008. (Tr. 9, 125-132).

Plaintiff alleged he was disabled due to lower back problems, nerves, depression, ulcers and lack of

energy. (Tr. 155).  Plaintiff alleged an onset date of October 22, 2008. (Tr. 151).  These applications

were denied initially and again upon reconsideration.  (Tr. 9).  Thereafter, Plaintiff requested an

_____

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

1

administrative hearing on his applications and his administrative hearing was held on December 2, 2009.  (Tr. 23-63).

Following this hearing, an ALJ issued an unfavorable decision on March 25, 2010.  (Tr. 9-18).  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and Plaintiff appealed the decision to the U.S. District Court for the Western District Court of Arkansas, which reversed and remanded the case to the Commissioner on July 17, 2013.  (Tr. 1-4, 446-453).  On August 19, 2013, the Appeals Council remanded the case to the ALJ for further proceedings.  (Tr. 454-457).

Following remand, Plaintiff's administrative hearing was held on April 28, 2014.  (Tr. 402-425).  Plaintiff was present and was represented by counsel, Matthew Ketcham, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a ninth grade education.  (Tr. 405).  At the hearing, Plaintiff, through his attorney, requested a closed period of disability beginning with his alleged onset date of October 22, 2008 and ending on October 31, 2009.  (Tr. 346, 424).

On May 29, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 346-360).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013.  (Tr. 348, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from October 22, 2008, his alleged onset date through October 31, 2009.  (Tr. 349, Finding 3).

The ALJ also determined Plaintiff had the severe impairments of disorder of the back, mood disorder, and borderline intellectual functioning.  (Tr. 349, Finding 4).  The ALJ then determined

Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 349, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 351-358). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except he could only occasionally climb, balance, stoop, kneel, crouch and crawl. (Tr. 351, Finding 6). Also, Plaintiff could perform simple, routine and repetitive tasks in an environment where interpersonal contact was incidental to the work performed and the supervision was simple, direct, and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 358, Finding 7). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 359, Finding 11). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a poultry line worker with approximately 1,000 such jobs in Arkansas and 20,000 such jobs in the nation, power screwdriver operator with approximately 425 such jobs in Arkansas and 61,175 such jobs in the nation, and extrusion press operator with approximately 525 such jobs in Arkansas and 30,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from October 22, 2008 through October 31, 2009. (Tr. 360, Finding 12).

On August 1, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 14, 15.

3

This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox*, 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in his finding of severe impairments, (B) in the RFC determination by failing to develop the record, and (C) in failing to properly consider Plaintiff's complaints of pain.  ECF No. 14, Pgs. 14-18.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 15.

**<u>A. Severe Impairments</u>**

A claimant suffers from a severe impairment if the impairment is more than slight and if the impairment affects the claimant's ability to do his basic work activities.  *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not

5

suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *Bowen v. Yuckert*, 482 U.S. 137, 155, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (O'Connor, S., Concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

The ALJ determined Plaintiff had the severe impairments of disorder of the back, mood disorder, and borderline intellectual functioning. (Tr. 349, Finding 4). Plaintiff argues the ALJ erred by not finding additional severe impairments. ECF No. 14, Pgs. 14-16. Plaintiff believes he has additional severe impairments including anxiety disorder, personality disorder, hypertension, ADHD, affective disorder, dysthymia, and adjustment disorder. *Id.*

To begin with, in his Disability Report, Plaintiff listed impairments as lower back problems, nerves, depression, ulcers, and lack of energy. (Tr. 155). Plaintiff's failure to allege an impairment is significant, even if the evidence of the impairment was later developed. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

Plaintiff argues the ALJ did not consider his depression, anxiety disorder, personality disorder, attention deficit hyperactivity disorder, affective disorder, and adjustment disorder, as severe mental impairments and his finding of a severe mood disorder does not cover these impairments. ECF No. 14, Pgs. 14-15. However, the ALJ did not err in his evaluation of Plaintiff's severe impairments.

Plaintiff received conservative treatment for depression in the form of medication during the relevant period and appeared to be doing well on medication. (Tr. 317, 331-335). Dr. Kathleen Kralik performed a consultative evaluation of Plaintiff on January 2, 2009. (Tr. 263-270). In identifying the effects of Plaintiff's mental impairments, Dr. Kralik found no limitation except for at most mild impairment in his ability to attend and sustain concentration and to complete work-like

6

tasks within an acceptable time frame.  (Tr. 269).  Dr. Kralik indicated Plaintiff was clearly evasive and manipulative with tendencies to exaggerate problems in efforts to make the case that he was disabled.  (Tr. 270).

The ALJ properly found Plaintiff's mood disorder and borderline intellectual functioning to be severe impairments because there was evidence indicating these impairments would result in more than mild limitation in his ability to perform work-related activities.  (Tr. 351-357).  However, the ALJ properly found the remaining impairments not severe because no more than mild limitation resulted from these impairments.  (Tr. 269-270).  Further, as discussed, Plaintiff did not identify the remaining impairments as disabling limitations in his applications for benefits.  *See Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).  Finally, the ALJ's decision reflects that even though he did not consider these impairments severe, he did consider them in reaching his RFC finding and accounted for any limitations from these impairments by limiting Plaintiff to simple, routine and repetitive tasks in an environment where interpersonal contact was incidental to the work performed and the supervision was simple, direct, and concrete.  (Tr. 351).

As for Plaintiff's claim regarding hypertension being a severe impairment, although the record reflected Plaintiff had hypertension, nothing in the record reflected hypertension had any effect on his ability to perform work-related activities.  (Tr. 331, 333).  In fact, the record reflected Plaintiff's hypertension was well-controlled on medication.  (Tr. 333).

When the record does not support a condition to be a severe impairment the ALJ's duty to discuss the condition is minimized.  *See Salts v. Sullivan*, 958 F.2d 840, 844 (8th Cir. 1992).  The discussion of Plaintiff's non-severe impairments along with the ALJ's language indicating he fully considered all impairments, including those that were not severe, showed the ALJ considered the combined effect of Plaintiff's impairments.  *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir.

7

2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

**B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox,* 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except he could only occasionally climb, balance, stoop, kneel, crouch and crawl. (Tr. 351, Finding 6). Also, Plaintiff could perform simple, routine and repetitive tasks in an environment where interpersonal contact was incidental to the work performed and the supervision was simple, direct, and concrete. *Id*. Plaintiff argues the ALJ erred in this RFC determination and failed to develop the record. ECF No. 14, Pgs 16-17. However, substantial evidence supports the ALJ's RFC

8

determination.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ  must  develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).  In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure.  *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision.  *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

The relevant time period for Plaintiff's claim is from October 22, 2008, through October 31, 2009.  Substantial evidence supports the ALJ's finding that during this relevant time period, Plaintiff had the RFC to perform light work with postural and mental limitations.

On March 2, 2009, Plaintiff was seen at the Good Samaritan Clinic, where he complained of not feeling good in two years, having low energy, chronic lower back pain, and dyspnea on

9

exertion.  (Tr. 317).  Plaintiff's physical examination was largely unremarkable with a completely normal musculoskeletal examination.  *Id.*  Plaintiff was assessed with depression, fatigue, chronic back pain, and history of drug use.  *Id.*

Plaintiff returned to Good Samaritan Clinic on April 29, 2009 and complained of an abdominal ulcer, shortness of breath, sleeping problems, lack of appetite, inability to swallow anything, weight loss, anger, irritability, fatigue, and depression after he lost his mother, his job, and his truck in October 2008.  (Tr. 334).  Plaintiff was prescribed Celexa for depression, HCT2 for hypertension, and referred to another physician for depression.  *Id.*  On May 15, 2009, Plaintiff returned to the clinic for a medication refill and had complaints of trouble sleeping, depression, frequent urination, and wheezing with shortness of breath on exertion.  (Tr. 333).  The record also indicated hypertension was well-controlled, and that he needed counseling for depression.  *Id.*

On July 1, 2009, Plaintiff was seen at Good Samaritan Clinic with complainants of low back, difficulty sleeping, and dysphagia.  (Tr. 331).  Plaintiff's musculoskeletal and psychological examinations were completely normal.  *Id.*  Plaintiff was recommended ibuprofen for back pain, continue his medication for depression, and an endoscopy for the dysphagia.  *Id.*

Consultative physical exams of Plaintiff also support the ALJ's RFC decision.  On December 23, 2008, Plaintiff was seen by Dr. N. Van Hoang.  (Tr. 248-254).  Dr. Hoang found a normal range of motion in all joints including shoulders, wrists, hands, hips, knees, ankles, as well as in the lumbar spine.  (Tr. 251).  Also, Plaintiff had negative straight leg raises, normal neurological findings, and normal limb function, including a normal ability to walk and an ability to squat and arise from a squatting position.  *Id.*  Plaintiff also had normal mental status with no evidence of psychosis.  (Tr. 252).

Additionally, On December 30, 2008, Dr. Bill F. Payne, reviewed the evidence of record and

10

found Plaintiff could perform a full range of light work.  (Tr. 255-262).  On February 18, 2009, Dr. Jim Takach, also reviewed the medical evidence of record and agreed with Dr. Payne's assessment. (Tr. 293).

Finally, Dr. Kathleen Kralik's consultative evaluation of January 2, 2009 supports the ALJ's finding that Plaintiff could perform simple, routine and repetitive tasks in an environment where interpersonal contact was incidental to the work performed and the supervision was simple, direct, and concrete.  (Tr. 263-270).

As a result of the above, substantial evidence shows the ALJ met his duty to fairly develop the record.  As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination.  ECF No. 14.  In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*.  ECF No. 15.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of her impairments and did not fully consider his subjective complaints. The Defendant argues the

---

back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 353-356). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Long work history even though he reported back pain during this period, (5) No medication side effects, and (6) History of substance abuse. *Id.*  Further, and as noted above, Dr. Kralik indicated  Plaintiff was clearly evasive and manipulative with tendencies to exaggerate problems in efforts to make the case that he was disabled.

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **27th day of August 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

13

14